# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK HOLT**,<br><br>            Plaintiff,<br><br>            v.<br><br>**DISTRICT OF COLUMBIA** *et al.*,<br><br>            Defendants. | Case No. 1:16-cv-02300 (TNM) |

## MEMORANDUM OPINION

Mark Holt alleges that he spent $33,750 to buy four tax liens and $11,700 in legal fees to file four actions in the District of Columbia Superior Court seeking to foreclose the original owners' right of redemption. Two of these actions were dismissed for want of prosecution. Under Section 47–1355 of the District Code, the dismissals voided Mr. Holt's certificates of sale, meaning he forfeited both his interest in the underlying properties and the money that he paid to obtain that interest.

Now Mr. Holt sues the District, together with its Office of Tax and Revenue and its Mayor and Chief Financial Officer in their official capacities.[1] He claims that the Defendants have defrauded him, taken his property in violation of the Fifth Amendment, and interfered with his contractual rights in violation of the Contract Clause and the Fourteenth Amendment Due Process Clause. He wants his money back, together with legal fees, $190,000 in "compensatory damages," and interest. But Mr. Holt lost the money due to a state-court judgment. Because the

---

[1] These are the defendants named in the currently operative complaint. Prior versions of the complaint have named several other defendants.

*Rooker-Feldman* doctrine bars federal district courts from hearing what would amount to an appeal from a state-court decision, the Court will grant the Defendants' Motion to Dismiss.

## I.

"Federal courts are courts of limited jurisdiction" and so "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, jurisdiction is a prerequisite that must be satisfied before proceeding to the merits, and a federal court must dismiss any action over which it determines that it lacks jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007); *see also* Fed. R. Civ. P. 12(h)(3). On a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). A plaintiff may rely on facts outside the pleadings to satisfy this burden, as "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## II.

"The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It also applies to constitutional attacks on state-court judgments, even if raised for the first time in federal court, when the new

2

constitutional claims and the state-court judgments are "inextricably intertwined." *Id.* at 286 n.1. But the *Rooker-Feldman* doctrine does not apply to a claim challenging a statute or rule governing a state court's decision. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Thus, applying the *Rooker-Feldman* doctrine requires courts to "draw a line between permissible general challenges to rules and impermissible attempts to review judgments." *Stanton v. Dist. of Col. Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997).[2]

There is no dispute that Mr. Holt lost in state court before suing here. *See* Compl. at 1 (federal suit filed in November 2016); ECF 3-2 at 1 (D.C. Superior Court docket reflecting dismissal for want of prosecution in January 2015); ECF 3-3 at 1-3 (D.C. Superior Court docket reflecting dismissal for want of prosecution in November 2013). The only question is whether Mr. Holt has complained of injuries caused by state-court judgments and invited the Court to review and reject those judgments. Put differently, the question is whether Mr. Holt's claims are inextricably intertwined with the state-court judgments or raise general challenges to a rule.

Mr. Holt asserts that his "primary grievance" does not result from the Superior Court judgments but "from the District's independent taking of his property." Opp. to Defs.' Mot. Dismiss at 9. Thus, he represents that he has not challenged the judgments against him and points out that he has not alleged legal error by the Superior Court. *Id.* at 10-12. Instead, he claims the Second Amended Complaint seeks "damages and declaratory relief due to the District's unconstitutional taking of his property." *Id.* at 11. According to Mr. Holt, his lawsuit "challenges the District's statutory scheme insofar as it provides for the taking of his property (legally purchased through tax sales) and then denying him the right to recover the value of that

---

[2] For purposes of the *Rooker-Feldman* doctrine, the District of Columbia Superior Court is considered a state court. *See Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999).

lost property [sic], inclusive of penalties, costs, and interest owed." *Id.*; *see also id.* at 12 ("Mr. Holt challenges the District's allegedly unconstitutional enforcement of the statute providing for a taking of his property.").

If this description of Mr. Holt's claims were accurate, it might not be clear whether he has raised general challenges to the District's statutory scheme or specific challenges to Superior Court judgments that deprived him of his property. But these arguments do not reflect the contents of Mr. Holt's Second Amended Complaint. *See id.* at 9-12 (characterizing Mr. Holt's claims without a single citation to or quotation from the operative complaint). Nowhere does the Second Amended Complaint seek declaratory relief. And nowhere does it raise a facial or as-applied challenge to the statute authorizing the forfeiture he suffered. In fact, the Second Amended Complaint does not even mention that there is such a statute.

As for Mr. Holt's assertion that his claims arise not from the Superior Court judgments but from the District's independent taking of his property, it is true that his Second Amended Complaint emphasizes his loss of property. *See* Second Am. Compl. at 5-6. But it is not true that this loss arises from a taking of property independent of the Superior Court judgments. It was the Superior Court judgments that deprived Mr. Holt of his interest in the properties for which he had bought liens and that caused him to forfeit the money he had paid to obtain that interest. D.C. Code § 47–1355. They had this effect automatically and by operation of law, with no independent action by the District. Thus, Mr. Holt's challenge to the forfeiture of his property is "inextricably intertwined" with the Superior Court judgments and subject to the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp.*, 544 U.S. at 286 n.1.

**III.**

For the reasons explained above, the Court will grant the Defendants' Motion to Dismiss with prejudice. A separate order will issue.

Dated: September 28, 2018  TREVOR N. MCFADDEN, U.S.D.J.